## ELLIOTT v. BARRETT CO.

District Court, S. D. New York. July 9, 1927.

1. Patents ⊕═218(1)—License held to provide for royalty of not less than $5,000 in any year in which licensee operates.

A promise to pay royalty at specified rate, payment on account of such royalty to be not less than $5,000 in any one year in which the licensee operates under the license, *held* free from ambiguity, and does not mean that royalty shall not be less than $5,000 in any one year, but in any one year in which licensee operates under the license.

2. Patents ⊕═218(1)—There being no ambiguity in royalty agreement, agreement, not acts of parties, determines rights and obligations.

Where there is no ambiguity in agreement by licensee of patent to pay royalty, terms of the agreement, and not acts of parties, determine their rights and obligations.

Judgment affirmed in 25 F.(2d) 126.

Jerome Simmons, of New York City, for plaintiff.

Miller & Otis, of New York City, for defendant.

BONDY, District Judge. [1] A promise to pay royalty at a rate agreed upon, and

providing that the payment on account of such royalty shall not be less than $5,000 in any one year in which the licensee operates under the license, is free from ambiguity. Such a provision does not mean that the royalty shall not be less than $5,000 in any one year. The words "in which Barrett operates under this license" were used for some purpose, and must be given some meaning. The only meaning they can be given is one qualifying and limiting the expression "in any one year." The words "in any one year in which Barrett operates under the license" do not mean in any one year in which he has a right to operate, or to exclude others from infringing the patent.

[2] No other terms of the agreement are inconsistent with the clear meaning of these words. There not being any ambiguity, the terms of the agreement, and not the acts of the parties, determine their rights and obligations.

The motion, therefore, is granted, with usual leave to amend.